IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAUGHAN T. WILLIAMS, )<br>    Plaintiff, ) | |
| ) | |
| vs           ) | Civil Action No. 07-02 |
| ) | |
| JOHN E. POTTER, Postmaster General, )<br>United States Postal Service, )<br>    Defendant. ) | |

REPORT AND RECOMMENDATION

I. Recommendation:

  It is respectfully recommended that the defendant's motion to strike the plaintiff's demand for a jury trial on his claim arising under the Age Discrimination in Employment Act (Docket No. 5) be granted.

II. Report:

  Presently before the Court is the defendant's motion to strike the plaintiff's jury demand on his claim arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. For reasons discussed below, the defendant's motion to strike should be granted, and the plaintiff's demand for a jury trial with respect to his claim arising under the ADEA should be stricken.

  The plaintiff, Vaughan T. Williams, proceeding pro se, has filed a complaint of employment discrimination against the defendant, John E. Potter, Postmaster General, United States Postal Service. In his complaint, the plaintiff alleges that he is a 54 year old, African American black male; that on April 16, 2005, he was hired by the United States Postal Service as a Part-Time Flex Carrier; that because of his age, race and color, he was not given the necessary training to succeed on the job; and that on June 8, 2005, his employment was unlawfully terminated due to his age, and for being a black, African American male.

  The plaintiff's claim of age discrimination arises under the ADEA. His

allegation of race discrimination is actionable under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e, et seq. The plaintiff seeks monetary damages, and he has requested a trial by jury. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1339.

Rule 39(a)(2) of the Federal Rules of Civil Procedure provides in pertinent part:

... The trial of all issues so demanded shall be by jury unless ...

(2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

The United States Supreme Court has counseled that "the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." Lehman v. Nakshian, 453 U.S. 156, 160 (1981). Thus, in a suit against the federal government, a plaintiff has a right to a jury trial "only where Congress has affirmatively and unambiguously granted that right by statute." Id. at 168. In Lehman, the Supreme Court pronounced that "Congress did not intend to confer a right to trial by jury on ADEA plaintiffs proceeding against the Federal Government." 453 U.S. at 165.[1]

Therefore, it is recommended that the defendant's motion to strike the plaintiff's demand for a jury trial on his claim arising under the ADEA be granted.[2]

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections

---

1. As explained by the Court in Lehman, Congress expressly provided for jury trials in ADEA suits against private-sector employers and state and local governmental entities, but it did not do so as to the Federal Government. 453 U.S. at 168. We note, however, that in cases arising under Title VII, where a viable claim of employment discrimination is asserted against the Federal Government and compensatory damages are sought, a right to a jury trial exists. See, Burkhart v. Potter, 166 Fed.Appx. 650, 652 (3d Cir. 2006); Gustaitis v. Chao, 2006 WL 3791335, *1 (E.D.Pa., Dec. 22, 2006), citing Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 316 (3d Cir. 2006); and 42 U.S.C. § 1981a(c)(1).

2. The plaintiff has not opposed the current motion to strike.

shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                              Respectfully submitted,

                                              <u>s/ ROBERT C. MITCHELL</u>
                                              United States Magistrate Judge

Dated: April 27, 2007